UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| NEXT MILLENNIUM TELECOM CO., | § § | Case No. |
| Plaintiff, | § § | Hon. |
| -vs- | § § | |
| AMERICAN SIGNAL CORPORATION, | § § | |
| Defendant. | § § | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, NEXT MILLENNIUM TELECOM CO., by and through its attorneys, ADVANTA LAW, PLC, and for Plaintiff's Complaint and Demand for Jury Trial against Defendant, AMERICAN SIGNAL CORPORATION, respectfully states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff brings forth this Complaint under federal diversity jurisdiction, 28 U.S.C. 1332(a)(2), because the citizenship of the Plaintiff is completely diverse from the citizenship of the Defendant and the amount in controversy exceeds $75,000.

2. Plaintiff, NEXT Millennium Telecom Co., is a Saudi Arabian corporation having a principle place of business located Albayt Center, Building #5, Salah Aldin Alayubi Street, Riyadh, Kingdom of Saudi Arabia 11393.

3. Defendant, American Signal Corporation, is a Wisconsin corporation having a principal place of business located at 8600 W. Bradley Road, Milwaukee, Wisconsin 53224.

1

4. Venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b), because (a) Defendant American Signal Corporation resides and maintains its principal business offices in Milwaukee, Wisconsin, (b) the Defendant is subject to this Court's personal jurisdiction with respect to this action, and (c) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, because Defendant defectively designed, manufactured, and shipped emergency alert/mass notification siren systems from within this judicial district, (d) because Defendant made misrepresentations of material fact to Plaintiff within this judicial district concerning its ability to complete its obligations under the contract at issue, and/or (e) because the contract between the parties expressly provides that all disputes and controversies arising out of the agreement shall be litigated in this district and forum.

## COMMON ALLEGATIONS

5. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

6. Plaintiff, NEXT Millennium Telecom Co., is an information technology company engaged in the business of providing cost effective, cutting-edge IT and telecommunication solutions to customers located throughout the Middle East.

7. Defendant, American Signal Corporation, manufactures, sells, installs and maintains state-of-the-art mass notification and emergency alert systems, as well as critical non-emergency communications.

8. Plaintiff was engaged by the Saudi Arabian government to purchase and install a modern emergency alert/mass notification siren system throughout eastern Saudi Arabia.

9. Following Plaintiff's engagement by the Kingdom of Saudi Arabia, Defendant prepared a proposal to manufacture and sell a state-of-the-art emergency alert/mass notification siren system to Plaintiff and provide related technical installation support, which proposal was presented to both representatives of the Saudi Arabian government and to a committee consisting of members from the Ministry of Civil Defense and NEXT Millennium Telecom Co.

10. The committee visited Defendant's manufacturing facility located in Milwaukee, Wisconsin to ensure the legitimacy of American Signal Corporation's proposal and to verify that Defendant's emergency alert/mass notification siren system met all the specifications and requirements of the Saudi Arabian government.

11. During said visit, Defendant affirmatively represented to members of the Ministry of Civil Defense and NEXT Millennium Telecom Co. that American Signal Corporation has been manufacturing, installing, selling, and maintaining emergency alert/mass notification siren systems since 1961, and demonstrated how its emergency alert/mass notification siren system operates.

12. Further, at that time Defendant represented to members of the Ministry of Civil Defense and NEXT Millennium Telecom Co. that American Signal Corporation has industry-leading and up-to-date technology, and that its emergency notification siren system had been properly tested prior to being placed into operation in the field.

13. Further, American Signal Corporation represented to members of the Ministry of Civil Defense and NEXT Millennium Telecom Co. that it was capable of assisting in both the change of the traditional emergency notification siren system and installation

of its new emergency alert/mass notification siren system (Nexgen) to comply with ministry specifications on Plaintiff's behalf throughout eastern Saudi Arabia.

14. Based upon the representations and warranties of American Signal Corporation as outlined above, NEXT Millennium Telecom Co. entered into a written agreement with American Signal Corporation in 2015 for the purchase of 690 emergency alert/mass notification sirens, including all necessary components and 12 accompanying control point systems. The contract also included on-site factory support training for two weeks. A copy of the contract between the parties and related Memorandum of Understanding is attached collectively as **Exhibit A**.

15. The agreement between the parties set forth all essential terms of the contract between Plaintiff, NEXT Millennium Telecom Co., and Defendant, American Signal Corporation, including but not limited to, pricing, payment terms, shipment of goods, and scope of work.

16. Specifically, the contract covered all necessary parts and components needed to successfully install the emergency alert/mass notification sirens and related control systems throughout eastern Saudi Arabia, and also included on-site factory support training for two weeks.

17. Plaintiff purchased an additional 60 emergency alert/mass notification siren systems from American Signal Corporation thereafter.

18. Under the contract and pursuant to the memorandum of understanding entered into by the parties, Defendant agreed and was obligated to send the emergency alert/mass notification siren systems over an approximate 8-month period of time.

19. Further, the contract specifically provided that each siren system furnished by Defendant was to include: (a) all parts and components listed in the contract and identified under the section titled *American Signal Equipment*; (b) all control units and operations software identified under the section titled *Command and Control*; and, (c) all additional installation hardware and on-site factory technical support identified under the section titled *Added Items*. See **Exhibit A**.

20. In June of 2015, Plaintiff received a shipment of emergency alert sirens from Defendant that was incomplete, as the siren speakers had been shipped without the accompanying control systems and related software packages, as required under the *Command and Control* clause of the agreement.

21. Further, in September of 2015 another shipment was received from Defendant that was also missing vital components, including, but not limited to, the necessary RTU control units, in violation of the *Command and Control* contract clause.

22. Defendant did not ship the required RTU control units to Plaintiff until January of 2016, and also failed to provide the required on-site factory support training identified in the contract between the parties under the section titled *Added Items*.

23. Thereafter, Plaintiff's engineers, along with engineers from Motorola company, inspected and determined that the emergency alert/mass notification siren systems provided by Defendant under the contract had never been properly tested nor placed for use in the field, as originally represented by American Signal Corporation.

24. Further, Plaintiff discovered that the RTU control systems provided by Defendant were not compatible with the emergency sirens, required additional battery power, did not include adequate surge protection, and did not meet the specifications of the

Saudi Arabian government which were previously presented to American Signal Corporation.

25. Further, Defendant's emergency siren system required a component called NEXGEN CSC-960 which was also not delivered from Defendant's shipments to Plaintiff due to change in the original design.

26. Following installation of the emergency alert/mass notification sirens provided by Defendant, Plaintiff discovered that the sirens failed to emit sufficient sound so as to effectively alert those located within the respective geographic target areas.

27. Despite repeated demands by Plaintiff, Defendant has failed and refused to refund Plaintiff's payments under the contract, compensate Plaintiff for the necessary repairs and replacement parts, and/or or make the required warranty repairs.

28. Instead of accepting responsibility for its defective products and deceitful conduct as outlined above, Defendant has attempted, in disingenuous and irresponsible fashion, to place all blame upon Plaintiff, in an obvious effort to discredit Plaintiff in the eyes of the Saudi Arabian government, whom Plaintiff has a trusted, long-standing business relationship with and serves as authorized agent on behalf of.

29. For example, in a recent Business Consumer Alliance post, Defendant accuses Plaintiff of lacking the technical expertise to assemble, install and operate American Signal Corporation's emergency alert/mass notification siren systems, and mishandling the equipment, despite citing any credible proof to substantiate its claims.

30. Further, Defendant asserts in such post that by filing the instant action, Plaintiff is merely trying to cover itself and avoid being sued by the Saudi Arabian government for its own culpability; yet again, Defendant's claims are unsupported in fact and law.

### COUNT I – BREACH OF CONTRACT

31. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

32. Plaintiff and Defendant mutually assented to the terms of a binding contract and the contract was supported by lawful consideration.

33. Moreover, the terms of the written contract between the parties are clear and unambiguous.

34. At all times relevant to this matter, Plaintiff timely performed its obligations under the agreement between the parties and fully complied with all other terms and conditions of the contract.

35. Pursuant to the contract agreed upon and dated April 2015, Defendant was required to deliver all items in Nextel Purchase Order via sea within or before eight months from date of terms or payment being met. **Exhibit A**

36. Defendant breached the agreement between the parties by failing to properly test its emergency notification siren system prior to placing it into operation in the field.

37. Further, Defendant breached the agreement by representing to Plaintiff that its emergency notification siren system had indeed been tested and would meet or exceed the government of Saudi Arabia's strict specifications, as presented to Defendant by members of the Ministry of Civil Defense and NEXT Millennium

Telecom Company, at the time the parties met in person at Defendant's Milwaukee, Wisconsin facility.

38. Further, Defendant breached the agreement by failing to provide all required parts, installation and mounting hardware, surge protection, RTU control units, NEXGEN CSC-960 components, emergency siren operating software, and on-site technical support in accordance with the terms and conditions contained in the contract.

39. Further, Defendant breached the agreement by failing to complete its manufacturing, shipment and delivery obligations in a timely fashion, in accordance with the agreed-upon, established timelines included in the contract.

40. Further, Defendant breached the agreement by failing to provide siren systems capable of emitting enough sound to effectively warn the intended target audiences located in the geographic regions which Defendant's emergency alert/mass notification siren systems were designed to cover.

41. Defendant, American Signal Corporation's conduct and failures as described in this Complaint constitute a material breach of contract between the parties.

42. Despite numerous requests, Defendant, through its authorized agents and representatives, has expressly and by silence, refused to cure its breach of contract or compensate Plaintiff for its losses under the agreement between the parties.

43. As a direct and proximate result of Defendant's material breach of contract, Plaintiff has been damaged and continues to suffer damages in an amount in excess of $75,000, plus court costs and attorney fees.

WHEREFORE, Plaintiff, NEXT MILLENNIUM TELECOM CO., prays for a Judgment against Defendant, AMERICAN SIGNAL CORPORATION, in an amount in excess of $75,000 to which Plaintiff is found to be entitled, plus court costs, statutory interest, reasonable attorney fees, and any other relief which the Court determines is just and appropriate.

## COUNT II – UNJUST ENRICHMENT

44. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

45. Defendant, American Signal Corporation, was compensated monetarily for the design, manufacture, assembly and installation of the emergency alert/mass notification siren systems described above but did not complete its obligations to Plaintiff as represented and warranted.

46. Defendant, American Signal Corporation, has benefited greatly from Plaintiff's payments but has not completed its services as promised, and this constitutes an unjust enrichment of the Defendant at Plaintiff's expense.

47. Defendant's promise was clear, definite, and unequivocal and was specifically made to induce Plaintiff, on behalf of the government of Saudi Arabia, to enter into negotiations with Defendant and purchase its early notification/emergency alert siren systems.

48. As a direct and proximate result of the unjust enrichment of American Signal Corporation, NEXT Millennium Telecom Co. has been damaged, and continues to suffer damages in an amount in excess of $75,000, in addition to costs and attorney fees.

49. Plaintiff comes to this Court seeking equity with clean hands and is entitled to an award of damages in an amount to which it is found to be entitled.

50. It would be inequitable to allow Defendant to retain the benefits received from Plaintiff without fairly compensating the Plaintiff.

WHEREFORE, Plaintiff, NEXT MILLENNIUM TELECOM CO., prays for a Judgment against Defendant, AMERICAN SIGNAL CORPORATION, in an amount in excess of $75,000 to which Plaintiff is found to be entitled, plus court costs, statutory interest, reasonable attorney fees, and any other relief which the Court determines is just and appropriate.

### COUNT III – BREACH OF EXPRESS AND IMPLIED WARRANTIES

51. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

52. Defendant, American Signal Corporation, is a merchant with respect to the subject emergency alert/mass notification siren system under § 2-104 of the Uniform Commercial Code.

53. Defendant, to induce the purchase, installation, and testing of its emergency alert/mass notification siren system, made certain express and implied warranties and representations to Plaintiff's agent, through Defendant's authorized agents and representatives, both orally and in writing, and through Defendant's advertising and conduct.

54. These express and implied warranties and representations included, but were not limited to, the following:

    a. All emergency notification siren components were new and/or of good, sound, and merchantable quality;

    b. All emergency notification siren components were free from defective parts and workmanship;

    c. The emergency notification siren systems would be fit for their ordinary and intended purposes of alerting the general public regarding inclement weather events and other emergencies;

10

Case 2:20-cv-00178-JPS   Filed 02/05/20   Page 10 of 16   Document 1

d. All related assembly and installation work would be completed in accordance with current industry standards, and all necessary and required on-site technical assistance would be timely provided; and

   e. Any defects or nonconformities in parts and/or labor would be cured within a reasonable time.

55. The emergency alert/mass notification siren systems did not perform as warranted and represented by Defendant's authorized agents and representatives, in that Defendant never provided the required installation software, control units, batteries, surge protectors, NEXGEN CSC-960 components, and other parts.

56. Further, Defendant, through its authorized agents and representatives, never properly tested its emergency alert/mass notification siren systems as warranted and represented to Plaintiff, and to members of the Ministry of Civil Defense, so that its siren system malfunctioned and continually broke down.

57. As a result of these and other defects, Plaintiff timely requested that Defendant make the necessary repairs under warranty or return Plaintiff's payments.

58. Defendant failed and refused, upon reasonable opportunity and pursuant to applicable implied warranty contracts, to provide coverage for the necessary repairs, cure the defects, and make the emergency notification siren systems fit for their intended and contracted purpose.

59. As a direct and proximate result of Defendant's various breaches of warranty, Plaintiff has suffered damages that include, but are not limited to, significant repair costs, increased downtime, lost profits, lost business opportunities, increased insurance costs, additional travel expenses, the cost and inconvenience of obtaining an alternative emergency notification systems, damage to its good business reputation

11

and standing with the Saudi Arabian government, and the costs associated with prosecuting the instant action to obtain relief as a result of Defendant's wrongful conduct.

60. As a direct and proximate result of Defendant's breach of implied warranty of merchantability, Plaintiff has sustained considerable damages in the amount of $9,000,000.00, which represents the difference between the value of the goods as delivered and the value they would have had if they had been as warranted.

WHEREFORE, Plaintiff, NEXT MILLENNIUM TELECOM CO., prays for a Judgment against Defendant, AMERICAN SIGNAL CORPORATION, in an amount in excess of $75,000 to which Plaintiff is found to be entitled, plus court costs, statutory interest, reasonable attorney fees, and any other relief which the Court determines is just and appropriate.

## COUNT IV – FRAUD AND MISREPRESENTATION

61. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

62. That on or about January 18, 2015, a delegation from the Government of Saudi Arabia along with the Plaintiff's agent (Nader Suleiman) met with Defendant in the City of Milwaukee in the State of Wisconsin. Defendant, through its authorized agents and representatives (Dale Moeller, Richard Roe, and Scott King), intentionally made false representations of material facts to the Plaintiff in the presence of an official agent for the Government of Saudi Arabia regarding Defendant's ability and/or intent to fully perform its obligations under the agreement to design, manufacture, assemble and/or install the emergency alert/mass notification siren systems described above.

63. That on or about January 18, 2015, a delegation from the Government of Saudi Arabia, along with the Plaintiff's agent met with Defendant in the City of Milwaukee in the State of Wisconsin. Defendant, through its authorized agents and representatives, knowingly and intentionally made a statement inducing Plaintiff in the presence of an official agent for the Government of Saudi Arabia to purchase emergency alert/mass notification siren systems from Defendant with specific knowledge and intent that the siren systems could not meet the specifications agreed to by the parties.

64. More specifically, Defendant stated to Plaintiff in the presence of an official agent for the Government of Saudi Arabia that Defendant has the latest technology to manufacture and operate the sirens/mass notification system as specifically needed by the Plaintiff and that Defendant had previously manufactured and sold those sirens without any technological issues. Defendant further stated that they are confident their product is free of defects and if there are any defects, Defendants will provide on-site support to cure the defects.

65. For almost four days, Defendant's agent met with the delegate of the Government of Saudi Arabia along with Plaintiff's agent daily, convincing and inducing the Plaintiff's agent in the presence of the Government of Saudi Arabia that the product was going to be fitted for the intended purposes and was going to be designed and manufactured according to the specifications required by the Government of Saudi Arabia. More specifically, the product with all of its parts will be delivered timely and will be ready for installation with the proper technical support from Defendant and without any defect.

66. That the Defendant, motivated by the prestige and value of the Plaintiff along with the Government of Saudi Arabia, made representations knowing that such representation was false to induce the Plaintiff to purchase their product.

67. Defendant, through its authorized agents and representatives, knowingly and intentionally made statements inducing Plaintiff in the presence of an official agent for the Government of Saudi Arabia to compensate Defendant for siren systems with specific knowledge and intent that the siren systems could not meet the specifications agreed to by the parties.

68. Defendant's representations were false when they were made.

69. Defendant's actions and conduct were deliberate and committed with malice.

70. Defendant, through its authorized agents and representatives, knew its representations were false when they were made, or made them recklessly, without knowing whether they were true.

71. Defendant intended that Plaintiff rely on said representations and conduct.

72. Plaintiff, through its authorized agent and representative (Nader Suleiman), relied on Defendant's false representations and deceptive acts in entering into agreement to purchase the emergency notification siren systems.

73. As a direct and proximate result of Defendant's false representations and deceptive conduct, Plaintiff has suffered severe economic damages for the fraud procured as well as receiving defective nonconforming goods.

WHEREFORE, Plaintiff, NEXT MILLENNIUM TELECOM CO., prays for a Judgment against Defendant, AMERICAN SIGNAL CORPORATION, in an amount in excess of $75,000

14

to which Plaintiff is found to be entitled, plus court costs, statutory interest, reasonable attorney fees, and any other relief which the Court determines is just and appropriate.

## COUNT V – BREACH OF FIDUCIARY DUTY

74. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

75. Following Plaintiff's engagement of American Signal Corporation as their agent, Defendant became a fiduciary to Plaintiff and, as such, had a duty to act for their benefit.

76. Defendant, through its authorized agents and representatives, operated in bad faith and violated the confidence, trust and reliance that a fiduciary owes to its principle.

77. Defendant's improper conduct has damaged Plaintiff, whose benefit they were obligated to serve.

78. As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff continues to suffer economic damages.

WHEREFORE, Plaintiff, NEXT MILLENNIUM TELECOM CO., prays for a Judgment against Defendant, AMERICAN SIGNAL CORPORATION, in an amount in excess of $75,000 to which Plaintiff is found to be entitled, plus court costs, statutory interest, reasonable attorney fees, and any other relief which the Court determines is just and appropriate.

Respectfully submitted,
ADVANTA LAW, PLC


By: /s/ Mohamed Zaher_____
    Mohamed Zaher
    Attorney for Plaintiff
     24300 Southfield Rd,
     Southfield, MI, 48075
     lawyers@advantalaw.com


## JURY DEMAND

Plaintiff, NEXT MILLENNIUM TELECOM CO., hereby demands a jury trial in this matter on all claims triable before a jury.

Respectfully submitted,
ADVANTA LAW, PLC


By: /s/ Mohamed Zaher_____
    Mohamed Zaher
    Attorney for Plaintiff

Dated: February 5, 2020