UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NEXT MILLENNIUM TELECOM
CO.,

                Plaintiff,

v.

AMERICAN SIGNAL
CORPORATION,

                Defendant.

Case No. 20-CV-178-JPS

**ORDER**

        On September 19, 2022, Plaintiff NEXT Millennium Telecom Co. ("NEXT Millennium" or "Plaintiff') filed a Rule 7(h) expedited non-dispositive motion to strike Defendant's affirmative defenses.[1] ECF No. 85. Plaintiff seeks to "strike all Seventeen 'affirmative defenses' contained in Defendant's answer . . . ." *Id.* at 2. Plaintiff asserts that Defendant's affirmative defenses "do not comport with the Court rules and case law, and do not contain any factual basis for each affirmative defense." *Id*. "Defendant did not withdraw or file a Motion for leave to Amend their Affirmative Defenses." *Id*. Accordingly, Plaintiff argues that "[a]llowing Defendants [sic] to maintain these defective affirmative defenses would be prejudicial to the Plaintiff." *Id*. at 4.

        In response, Defendant argues that Plaintiff's motion to strike Defendant's affirmative defenses is untimely, and that Plaintiff has shown neither that the affirmative defenses are insufficient nor that Plaintiff would be prejudiced by them. ECF No. 104 at 3.

---

        [1]Plaintiff also filed a certificate of having met and conferred with Defendant prior to bringing this motion. ECF No. 84.

For the reasons stated herein, Plaintiff's motion to strike will be granted in part and denied in part.

1. **DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff seeks to strike each of Defendant's affirmative defenses. ECF No. 85 at 2. In its August 17, 2020 answer, Defendant listed its affirmative defenses as the following:

(1) Plaintiff's Complaint fails to state a claim upon which relief can be granted.

(2) Plaintiff failed to mitigate its alleged damages, if any.

(3) Plaintiff, by its own conduct, has waived its right to assert the claims contained in the Complaint.

(4) Plaintiff's claims are barred by the unclean hands doctrine.

(5) Plaintiff's damages, if any, resulted from a superseding cause.

(6) Plaintiff's damages, if any, were caused by a third party or third parties and/or fellow servants over which American Signal had no control.

(7) Plaintiff's claims are barred by the waiver doctrine.

(8) Plaintiff's claims are barred by the estoppel doctrine.

(9) Some or all of Plaintiff's claims may be barred by the applicable statute of limitations, the statute of frauds, and/or the statute of repose.

(10) Plaintiff's claims are barred by the assumption of the risk doctrine.

(11) Some or all of Plaintiff's claims are barred by the contributory negligence doctrine.

(12) Plaintiff's claims are barred by the accord and satisfaction doctrine.

(13) Plaintiff's claims are barred by the failure of a condition subsequent doctrine.

(14) Plaintiff's claims are barred by failure or want of consideration, and/or payment.

(15) Plaintiff's claims are barred by the laches doctrine.

(16) Some or all of Plaintiff's claims have been released.

(17) American Signal alleges all affirmative defenses required to be pleaded under Federal Rule of Civil Procedure 8(c)(1) for the purpose of avoiding a waiver of any such defenses as they may later apply. American Signal also reserves the right to assert any further affirmative defenses that may become available as a result of future discovery in this lawsuit.

ECF No. 22 at 9–10.

## 2. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court may do so "on its own" or "on motion by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id*.

Typically, in a motion to strike pursuant to Rule 12(f), "[a]ffirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Albert Trostel & Sons Co. v. Notz*, 536 F. Supp. 2d 969, 974 (E.D. Wis. Feb. 28, 2008) (quoting *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). "A court may strike affirmative defenses that are 'nothing but bare bones conclusory allegations.'" *Ardisam, Inc. v. Ameristep,*

*Inc.*, 302 F. Supp. 2d 991, 999 (W.D. Wis. Feb. 6, 2004) (internal citation omitted).

"As a general rule, motions to strike are disfavored and infrequently granted." *Black v. Long Term Disability Ins.*, 373 F. Supp. 2d 897, 904 (E.D. Wis. June 21, 2005) (internal citation omitted). "In order to prevail on a motion to strike, a party must show that the allegations it challenges can have *no possible bearing* upon the subject matter of the litigation and will be prejudicial to it." *Id*. (emphasis added). Otherwise, "absent a 'strong reason for so doing,' courts will generally 'not tamper with pleadings." *Id*. (internal citation omitted).

"In considering a motion to strike, [the court] draw[s] all reasonable inferences in the pleader's favor and resolve[s] all doubts in favor of denying the motion." *Id*. (internal citation omitted). "The purpose of such narrow standards is to provide a party the opportunity to prove his allegations if there is a possibility that his defense or defenses may succeed after a full hearing on the merits." *Albert Trostel & Sons Co.*, 536 F. Supp. 2d at 975 (quoting *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975)).

3.   **ANALYSIS**

Almost every consideration weighs in favor of denying Plaintiff's motion to strike the majority of Defendant's affirmative defenses. The pleading in which the affirmative defenses were raised was filed over two years ago. *See id.* Plaintiff's explanation as to why it chose to wait (until barely a month before the then-scheduled trial) to request that the Court strike them is not entirely compelling. Plaintiff attests to having discussed

Page 4 of 10

Case 2:20-cv-00178-JPS   Filed 10/14/22   Page 4 of 10   Document 108

with Defendant the alleged insufficiency of the affirmative defenses back in January of this year. ECF No. 85 at 2. But even at that point, the time had already long passed for Plaintiff to ask the Court to strike them (in the event that Defendant did not concur with Plaintiff's determination of their insufficiency). *See* Fed. R. Civ. P. 12(f) (requiring that a motion to strike affirmative defenses be made within 21 days of their being pled); *see also Weichman v. Clarke*, No. 09-CV-740, 2010 U.S. Dist. LEXIS 60899, at *2 (E.D. Wis. May 25, 2010) ("Here, Mr. Weichman's motion to strike was not made within 21 days of the answer being filed and is, therefore, untimely."). Plaintiff writes that from that time, Defendant has been unwilling to amend its affirmative defenses, and that Defendant stated as much on July 24, 2022. *Id*. It is not clear why Plaintiff waited two more months after receiving that conclusive response from Defendant before bringing the issue before the Court.

Although Plaintiff's motion was filed far too late, Rule 12(f) does allow a court to strike affirmative defenses on its own initiative at any time, and a court may certainly be inclined to do so in the interest of reducing the number of issues to be addressed at trial and thereby securing the speedy determination of the action. *Kmart Corp. v. Uniden Am. Corp.,* 318 B.R. 409, 413 (2004); *see also Heller v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989) ("[W]here . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay."). However, Defendant argues that even if the Court were to set aside the issue of the motion's untimeliness, denial would still be warranted because Plaintiff has shown neither that the

Page 5 of 10

Case 2:20-cv-00178-JPS   Filed 10/14/22   Page 5 of 10   Document 108

affirmative defenses are legally insufficient nor that Plaintiff is prejudiced by their continued assertion. ECF No. 104 at 3.

"[E]ven if the court ignores the untimeliness of the plaintiff's motion, a court should not strike an affirmative defense unless 'it appears to a certainty that [the] plaintiff would succeed despite any state of the facts which could be proved in support of the defense." *Weichman*, 2010 U.S. Dist. LEXIS 60899, at *2 (citing *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991)). More specifically, in order for the granting of a motion to strike (and an untimely one, at that) to be appropriate, a court must be "convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Kmart Corp.*, 318 B.R. at 413 (citing *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1228 (N.D. Ill. 1996)).

While Defendant's recitation of its affirmative defenses, *see* ECF No. 22 at 9–10, may border on "bare bones conclusory allegations," *see Ardisam, Inc.,* 302 F. Supp. 2d at 999 (internal citation omitted), Defendant argues that it has "supplemented its discovery responses to provide further additional evidentiary support for its affirmative defenses." ECF No. 104 at 4 (citing ECF No. 85-4). And apart from that assertion of conclusory allegations, Plaintiff has not otherwise met its burden in showing that the scales tip in favor of the Court striking all 17 of Defendant's affirmative defenses. Accordingly, the Court will not accede to Plaintiff's eleventh-hour motion to strike all of Defendant's affirmative defenses. The Court will, however, for the sake of narrowing the issues at trial, strike affirmative defenses Nos. One (1) and Eleven (11).

As to Defendant's eleventh-listed affirmative defense—that "[s]ome or all of Plaintiff's claims are barred by the contributory negligence doctrine"—Plaintiff argues that this is a "tort defense which is not applicable here." ECF No. 85 at 4. The conclusion is perhaps not quite as simple as Plaintiff claims, but ultimately the Court concurs.

Generally speaking, contributory fault is not a contract theory. *See Outboard Marine Corp. v. Babcock Indus., Inc.*, 106 F.3d 182, 184–85 (7th Cir. 1997) ("[T]here is no contract doctrine of contributory or comparative negligence."); *see also BPI Energy Holdings Inc. v. IEC (Montgomery), LLC,* 664 F.3d 131, 138 (7th Cir. 2011) ("[C]ontributory negligence is not a defense to an intentional tort and therefore is not a defense to a claim to promissory estoppel that is based upon a fraudulent promise."). However, the Seventh Circuit in *Cenco Inc. v. Seidman & Seidman*, 686 F.2d 449, 453–54 (7th Cir. 1982), quoted Restatement (Second) of Contracts § 245 for the proposition that a breach of contract is excused if the promisee's hindrance or failure to cooperate prevented the promisor from performing the contract. This, the court wrote, was the corresponding defense in contract to that of contributory negligence in tort. *Id*. at 453 ("The corresponding defense in the case of negligence is, of course, contributory negligence."). In other words, while "certainly not 'contributory fault,' this defense does focus on wrongdoing of a party to the contract." *Sneeze, Wheeze & Itch Assocs. v. Dynavax Techs. Corp*., No. 09-1190, 2010 U.S. Dist. LEXIS 165013, at *11 (C.D. Ill. June 14, 2010). The court there wrote that it is "an overstatement to say in every case that [Plaintiff's] own wrongdoing cannot be raised as a defense in a contract action." *Id*.

In *Sneeze, Wheeze & Itch*, however, the defense at issue, as written in the Defendant's answer, was that "[t]o the extent Plaintiff has suffered any injury or damage, which is specifically denied, such injury or damage was caused or contributed to be caused by the acts or omissions of Plaintiff or third parties over whom [Defendant] has no control." *Id*. at *10. In contrast, Defendant's eleventh-listed "affirmative defense[]" states that "[s]ome or all of Plaintiff's claims are barred by the contributory negligence doctrine." ECF No. 22 at 9. Defendant's sixth-listed affirmative defense is that "Plaintiff's damages, if any, were caused by a third party or third parties and/or fellow servants over which American Signal had no control." *Id*. This sixth-listed affirmative defense better parallels with the affirmative defense upheld in *Sneeze, Wheeze & Itch*. The eleventh-listed "affirmative defense[]", which is specifically challenged by Plaintiff, is worded very distinctly from that which was upheld in *Sneeze, Wheeze & Itch*, and expressly references negligence, while this suit's claims rest solely in contract. *See* ECF No. 21.

The Court is confident that Defendant's remaining affirmative defenses (for example, that "Plaintiff failed to mitigate its alleged damages, if any") will suffice in the absence of Defendant's affirmative defense of "contributory negligence." ECF No. 22 at 9. Defendant need not, and ought not, rely in a contract action on an affirmative defense of contributory negligence when other of Defendant's affirmative defenses take into account "[Plaintiff's] own wrongdoing." *See Sneeze, Wheeze & Itch*, 2010 U.S. Dist. LEXIS 165013, at *11. The inclusion of an affirmative defense of contributory negligence in an action based entirely on contract claims gives the Court the impression that Defendant was attempting to throw spaghetti

at the wall in hopes that most or all of it would stick. For the sake of "reducing the number of issues to be addressed at trial and thereby securing the speedy determination of the action," the Court will grant Plaintiff's motion to the extent it seeks to have Defendant's "contributory negligence" affirmative defense stricken. *See* ECF No. 22 at 9; *Kmart Corp.,* 318 B.R. at 413.

The Court will additionally grant Plaintiff's motion to the extent that it seeks to strike Defendant's first "affirmative defense" listed—that "Plaintiff's Complaint fails to state a claim upon which relief can be granted." *See* ECF No. 22 at 9. An affirmative defense, as opposed to a defense, is one that comes about only after a plaintiff has made their prima facie case. *See Escobedo v. Oswego Junction Enters. LLC,* No. 17-CV-0682, 2017 U.S. Dist. LEXIS 115366, at * 11 (N.D. Ill. July 24, 2017) ("[W]hen a defendant attacks the plaintiff's *prima facie* case, it is a 'negative defense,' which is distinct from an affirmative defense.") (internal citation omitted). The allegation that Plaintiff's complaint "fails to state a claim upon which relief can be granted" necessarily assumes that no prima facie case has been met for the claim asserted. Accordingly, it is not a proper affirmative defense. *See Or. Potato Co. v. Kerry Inc.,* No. 20-CV-92-JDP, 2020 U.S. Dist. LEXIS 142462, at *4–5 (W.D. Wis. Aug. 10, 2020) ("As other courts have noted, 'failure to state a claim' isn't an affirmative defense.") (internal citation omitted).

4.  **CONCLUSION**

For the reasons discussed herein, the Court will grant Plaintiff's motion only to the extent that it seeks to strike Defendant's first-listed and

eleventh-listed "affirmative defenses"—that "Plaintiff's Complaint fails to state a claim upon which relief can be granted" and that "[s]ome or all of Plaintiff's claims are barred by the contributory negligence doctrine." *See* ECF No. 22 at 9. In light of the untimeliness of the motion and the general disfavor towards granting motions to strike, and because Plaintiff has not shown that the "allegations it challenges can have *no possible bearing* upon the subject matter of the litigation," *see Black*, 373 F. Supp. 2d at 904 (internal citation omitted), the Court will deny the motion to the extent it seeks to have Defendant's remaining 15 affirmative defenses stricken.

Accordingly,

**IT IS ORDERED** that Plaintiff's expedited motion to strike Defendant's affirmative defenses, ECF No. 85, be and the same is hereby **GRANTED in part** and **DENIED in part** in accordance with the terms of this Order.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge